**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHNNIE A. CANNON,

    Defendant.

**No. CR07-4055-DEO**

**ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)**

---

This matter comes before the court on the defendant's motion to reduce sentence (Docket No. 55). The defendant filed such motion on March 26, 2015.[1]

The United States Sentencing Commission recently revised the United States Sentencing Guidelines ("USSG") applicable to

---

[1] In light of the record, the court concludes that it need not appoint counsel or conduct a hearing. *See* United States v. Harris, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c) and finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also* United States v. Burrell, 622 F.3d 961, 966 (8th Cir. 2010) (clarifying that "[a]ll that is required is enough explanation of the court's reasoning to allow for meaningful appellate review"); Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under 18 U.S.C. § 3582(c)).

drug trafficking offenses by changing how the base offense levels in the drug quantity tables incorporate the statutory mandatory minimum penalties for such offenses. Specifically, Amendment 782 (subject to subsection (e)(1)) generally reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in USSG §2D1.1 and made parallel changes to USSG §2D1.11. Because Amendment 782 (subject to subsection (e)(1)) alters the threshold amounts in the drug quantity tables in USSG §2D1.1 and USSG §2D1.11, many, but not all, drug quantities will have a base offense level that is two levels lower than before Amendment 782 (subject to subsection (e)(1)).

The court is statutorily precluded from applying a federal sentencing guideline amendment retroactively unless the United States Sentencing Commission designates an amendment for retroactive application. In relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or

> the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also* Dillon v. United States, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

The United States Sentencing Commission promulgated USSG §1.B1.10 to implement 28 U.S.C. § 994(u) and to provide guidance to a court when considering a motion under 18 U.S.C. § 3582(c)(2). In relevant part, USSG §1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an

> amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range . . . ."). In addition to specifying which federal sentencing guidelines may be retroactively applied, USSG §1B1.10 guides the court as to the amount by which a sentence may be reduced under 18 U.S.C. § 3582(c)(2). *See* USSG §1B1.10(b)(1).

On July 18, 2014, the United States Sentencing Commission unanimously voted to apply Amendment 782 (subject to subsection (e)(1)) retroactively to most drug trafficking offenses, and it set November 1, 2014, as the date that Amendment 782 (subject to subsection (e)(1)) would go into effect. Stated differently, Amendment 782 (subject to subsection (e)(1)) is included within subsection (d) of USSG §1B1.10. Consequently, under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the court may rely on Amendment 782 (subject to subsection (e)(1)) to reduce a defendant's sentence. But,

4

even if Amendment 782 (subject to subsection (e)(1)) is applicable, a special limiting instruction applies: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." USSG §1B1.10(e)(1); *see also* Amendment 788 (amending USSG §1B1.10).

Here, the court is unable to rely on Amendment 782 (subject to subsection (e)(1)) to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. *See generally* United States v. Curry, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). Because the defendant is subject to a statutorily required mandatory minimum sentence, *see* 21 U.S.C. § 841(b)(1)(B), the defendant is not entitled to a reduction of his sentence. *Cf.* United States v. Bowman, 507 F. App'x 623, 624 (8th Cir. 2013) (concluding that statutory mandatory minimum applied and, consequently, defendant could not rely on Amendment 750 to reduce his sentence under 18 U.S.C. § 3582(c)(2)); United States v. Peters, 524 F.3d 905, 906-07 (8th Cir. 2008) (concluding that statutory mandatory minimum applied, and, consequently, defendant could not rely on

5

Amendment 706 to reduce his sentence under 18 U.S.C. § 3582(c)(2)); United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008) (same); see also United States v. Byers, 561 F.3d 825, 829-32 (8th Cir. 2009) (making clear that statutory mandatory minimum sentence must be taken into consideration).

Because a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not justified, the defendant's motion to reduce sentence (Docket No. 55) is **denied**. The clerk's office is directed to send a copy of this order to the defendant (Reg. No. 25541-009),[2] the office of the Federal Public Defender, the office of the United States Attorney and the office of United States Probation.

**IT IS SO ORDERED** this 9th day of July, 2015.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[2] The Court has also submitted for filing with this Order a letter written to the Defendant. This letter should also be mailed to the Defendant with a copy of this Order.